UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL ERIC KIK,

Plaintiff,

v.

Hon. Sally J. Berens

COMMISSIONER OF SOCIAL SECURITY,

Case No. 2:25-cv-245

Defendant.

______________________________________/

**OPINION**

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claims for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. The parties have agreed to proceed in this Court for all further proceedings, including an order of final judgment.

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence and in accordance with the law it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. Plaintiff seeks judicial review of this decision.

For the following reasons, the Court will **affirm** the Commissioner's decision.

**Standard of Review**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is

limited to determining whether the Commissioner applied the proper legal standards and whether there exists in the record substantial evidence supporting the decision. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Fact finding is the Commissioner's province, and those findings are conclusive provided substantial evidence supports them. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla but less than a preponderance. *See Cohen v. Sec'y of Dept. of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In applying this standard, a court must consider the evidence as a whole, while accounting for any evidence that fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). The substantial evidence standard contemplates a zone within which the decision maker can properly rule either way without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This standard affords the administrative decision maker considerable latitude and precludes reversal simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

**Procedural Posture**

Plaintiff filed applications for DIB and SSI on December 30, 2022, alleging that he became disabled on March 1, 2017, due to blindness/low vision, back pain, right leg numbness, poor circulation in both legs, post-traumatic stress disorder, depression, and anxiety. (PageID.201, 365–75, 377–93.) Plaintiff was 36 years old at the time of his alleged onset date and 42 years old at the time he filed his application. (PageID.201.) He had completed high school and had attended special

education classes. (PageID.433.) Plaintiff had past work as a delivery driver and mechanic. (PageID.433–34.) After Plaintiff's applications were denied, he requested a hearing before an Administrative Law Judge (ALJ).

ALJ Adam Dale conducted a hearing on October 9, 2024, at which Plaintiff, who was represented by counsel, and Larissa Boase, an impartial vocational expert (VE), testified. (PageID.114–37.) At the hearing, Plaintiff amended his alleged onset date to October 29, 2021. (PageID.118.) ALJ Dale issued a written decision on October 30, 2024, finding that Plaintiff had not been disabled from his amended alleged onset date through the date of the decision. (PageID.79–108.) The Appeals Council denied Plaintiff's application for review on August 28, 2025. (PageID.63–65.) Therefore, the ALJ's ruling became the Commissioner's final decision. *See Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 434 (6th Cir. 2007). Plaintiff timely initiated this civil action for judicial review on October 24, 2025.

**Analysis of the ALJ's Opinion**

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a

---

[1]
1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional

dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functional capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

After determining that Plaintiff met the insured status requirements of the Act through December 31, 2021, and had not engaged in substantial gainful activity since his amended alleged onset date of October 29, 2021, the ALJ found that Plaintiff suffered from the following severe impairments: (1) diabetes mellitus type two with mild non-proliferative diabetic retinopathy; (2) hypertension; (3) meniscus tear of the left knee with chondromalacia patella; (4) asthma; (5) seizure disorder and convulsive syncope; (6) peripheral neuropathy; (7) degenerative disc disease of the lumbar spine; (8) spinal stenosis; (9) thoracic spondylosis; (10) hearing loss; (11) obesity; and (12) anxiety and major depression disorders. (PageID.82.)

---

capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.85–92.) The ALJ then found that Plaintiff had the RFC to perform sedentary work within the meaning of 20 C.F.R. §§ 404.1567(a) and 416.967(a), except:

> [H]e cannot climb ladders, ropes, or scaffolds. He can occasionally balance, stoop, kneel, crouch, crawl, or climb ramps or stairs. He can occasionally push, pull, or operate foot controls with the bilateral lower extremities. He cannot work around vibration, at unprotected heights, in extremes of cold, in humid or wet environments, or around moving mechanical parts. He cannot work in concentrated exposure to atmospheric conditions such as fumes, noxious odors, dusts, or gases. He can work in "moderate" levels of noise as defined by the Selected Characteristics of Occupations. He can perform simple tasks, as well as make simple work-related decisions. He cannot work at a production rate pace, such as assembly line work. He can adapt to occasional changes in his job tasks or work routine. He can occasionally interact with supervisors and coworkers, but not the public. He requires a cane to ambulate.

(PageID.92.)

At step four, the ALJ determined that Plaintiff had no past relevant work. (PageID.106.) At step five, based on testimony from the VE, the ALJ found that Plaintiff could perform the occupations of final assembler, taper, and touch up screener, 90,000 of which existed in the national economy that an individual of Plaintiff's age, education, work experience, and RFC could perform. (PageID.106–08.) This represents a significant number of jobs. *See, e.g., Taskila v. Comm'r of Soc. Sec.*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'").

**Discussion**

Plaintiff's sole claim of error in his appeal is that the ALJ erred at step three in failing to evaluate whether his pulmonary condition/asthma met or equaled listing 3.02 for chronic respiratory disorders. More specifically, Plaintiff points to evidence that he contends could have

satisfied the requirements for listing 3.02A and/or B.[2] (ECF No. 9 at PageID.1373–75.) Plaintiff further contends that given his identification of evidence indicating that his condition may equal pulmonary listing 3.02, the ALJ erred by failing to obtain a medical opinion as to equivalence. (*Id.* at PageID.1374–75.)

It is well established that the claimant bears the burden of demonstrating that he meets or equals a listed impairment. *Peterson v. Comm'r of Soc. Sec.*, 552 F. App'x 533, 539 (6th Cir. 2014); *see also Evans v. Sec'y of Health & Human Servs.*, 820 F.2d 161, 164 (6th Cir. 1987). "[N]either the listings nor the Sixth Circuit require the ALJ to address every listing or to discuss listings that the applicant clearly does not meet." *Smith–Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 432 (6th Cir. 2014). "The ALJ should discuss the relevant listing, however, where the record raises 'a substantial question as to whether [the claimant] could qualify as disabled'" under a listing." *Id.*

In order to be considered disabled under the Listing of Impairments, "a claimant must establish that his condition either is permanent, is expected to result in death, or is expected to last at least 12 months, as well as show that his condition meets or equals one of the listed impairments." *Evans*, 820 F.2d at 164. The medical criteria for a listing, *i.e.*, the inability to perform "gainful activity," presents a higher level of severity from the statutory standard, *i.e.*, the inability to perform "substantial gainful activity." *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990). "The reason for this difference between the listings' level of severity and the statutory standard is that, for adults, the listings were designed to operate as a presumption of disability that makes further inquiry unnecessary." *Id.*

[2] Plaintiff does not argue that the record contains evidence that could have satisfied listing 3.02C or D.

To satisfy his burden, the claimant must show he meets all of the criteria for that listing. *Hale v. Sec'y of Health & Human Servs.*, 816 F.2d 1078, 1083 (6th Cir. 1987). An impairment that meets only some of the requirements of a listing does not qualify despite its severity. *Sullivan*, 493 U.S. at 530; *see also Thacker v. Soc. Sec. Admin.*, 93 F. App'x 725, 728 (6th Cir. 2004) ("When a claimant alleges that he meets or equals a listed impairment, he must present specific medical findings that satisfy the various tests listed in the description of the applicable impairment or present medical evidence which describes how the impairment has such equivalency."). To warrant remand, a plaintiff must show that the record raises "a substantial question as to whether [the plaintiff] could qualify as disabled" under a listing. *Abbott v. Sullivan*, 905 F.2d 918, 925 (6th Cir. 1990).

The ALJ evaluated Plaintiff's asthma under 3.00 (respiratory disorders), specifically, listing 3.03 for asthma. (PageID.85, 87.) The ALJ found that Plaintiff did not meet listing 3.03 because the three asthma-related hospitalization requirement was not satisfied and the record lacked evidence showing that Plaintiff met the "less than or equal to" value for $FEV_1$.[3] (PageID.87–88.) Plaintiff does not contest the ALJ's finding regarding listing 3.03. Instead, he argues that the ALJ should have considered whether he could meet listing 3.02, which lacks the hospitalization requirement. (ECF No. 9 at PageID.1374.)

Listing 3.02 provides that an individual is considered disabled as a result of "chronic respiratory disorders due to any cause except CF with A, B, C, or D." 20 C.F.R. Pt. 404, Subpt. P App. 1 § 3.02. Plaintiff asserts that record evidence shows that he met listing 3.02 under Subsection

[3] $FEV_1$, or Forced Expiratory Volume at One Second, measures how much air an individual can breathe out within one second of taking a big breath. *See* https://my.clevelandclinic.org/health/diagnostics/forced-expiratory-volume-fev (last visited Sept. 15, 2026).

A and B, which require a claimant to show that he had an $FEV_1$ or FVC[4] less than or equal to specified values based on the claimant's "age, gender, and height without shoes." *Id.* at § 3.02A, B. It is undisputed that to meet these requirements based on the tables set forth in these subsections, Plaintiff needed to show an $FEV_1$ of less than or equal to 1.90 and an FVC of less than or equal to 2.4. *Id.* § 3.02A, B. Plaintiff notes that on May 11, 2023, his $FEV_1$ level was 2.8 and his FVC level was 3.84 (PageID.1304); on November 6, 2023, his $FEV_1$ level was 2.06 and his FVC level was 3.57 (PageID.1000); and on December 20, 2023, his $FEV_1$ level was 1.63 and his FVC level was 2.51 (PageID.1110).

As Defendant correctly notes, none of Plaintiff's FVC scores was less than or equal to 2.4. Plaintiff therefore fails to demonstrate a substantial question as to whether he could meet listing 3.02B. As for 3.02A, while Plaintiff's $FEV_1$ level on December 20, 2023 was less than 1.90, the explanatory notes contain other requirements for a spirometry test, including that the claimant "be medically stable at the time of the test." *Id.* § 3.00E(2). A claimant is considered not "medically stable" in several circumstances, including when the claimant is "[w]ithin 2 weeks of a change in [his] prescribed respiratory medication[,]" or "[e]xperiencing, or within 30 days of completion of treatment for, an acute exacerbation (temporary worsening) of a chronic respiratory disorder." *Id.* § 3.00E (2)(a)(i) and (ii). Here, Plaintiff was not "medically stable" at the time of the test on December 20, 2023. As the ALJ pointed out, during the December 20, 2023 office visit, Plaintiff was started on Prednisone 20 mg and an Albuterol inhaler.[5] (PageID.99, 1111.) In addition, the

---

[4] FVC, or Forced Vital Capacity, is the highest amount of air an individual can forcefully and completely blow out after taking a deep breath. *See* https://my.clevelandclinic.org/health/diagnostics/17833-spirometry (last visited Sept. 15, 2026).

[5] It is appropriate for a court to "look to the decision as a whole in evaluating the ALJ's Step Three conclusions." *Scott v. Kijakazi*, No. 4:22CV878, 2023 WL 4010687, at *8 (N.D. Ohio June 15, 2023) (collecting cases). In fact, the Sixth Circuit has upheld even a minimal step-three determination when the ALJ made "sufficient factual findings elsewhere in his decision to support

doctor described Plaintiff's condition as an "[a]cute [e]xacerbation" of his asthma. (PageID.1110.) For these reasons, Plaintiff was not "medically stable." Thus, Plaintiff fails to demonstrate a substantial question as to whether he meets listing 3.02A.

Plaintiff's contention that remand is warranted for evaluation of whether his asthma equaled any listing is unpersuasive. Pursuant to SSR 17-2p, an ALJ may find medical equivalence only if the record contains one of the following:

> A prior administrative medical finding from a[ ] [medical consultant] or [psychological consultant] from the initial or reconsideration adjudication levels supporting the medical equivalence finding, or
>
> [Medical expert] evidence, which may include testimony or written responses to interrogatories, obtained at the hearings level supporting the medical equivalence finding, or
>
> A report from the [Appeals Council's] medical support staff supporting the medical equivalence finding.

SSR 17-2p, 2017 WL 3928306, at *4 (Mar. 27, 2017). It is undisputed that the record lacked a medical opinion on equivalence. And, under SSR 17-2p, an ALJ is not required to obtain a medical expert's opinion on equivalence if the ALJ believes that the "evidence does not reasonably support a finding that the individual's impairment(s) medically equals a listed impairment." 2017 WL 3928306, at *4; *see Mitchell v. Comm'r of Soc. Sec.*, No. 1:18-cv-808, 2019 WL 2125540, at *3 (W.D. Mich. Apr. 19, 2019) ("In SSR 17-2p, the Social Security Administration clarified that an ALJ is not required to obtain a medical expert's opinion before making a finding that an individual's impairments do not equal a listing impairment.").

If an ALJ believes that the preponderance of the evidence in the record does not support an equivalence finding, the ALJ "is not required to articulate specific evidence supporting his or

---

his conclusion at step three." *Forrest v. Comm'r of Soc. Sec.*, 591 F. App'x 359, 366 (6th Cir. 2014) (citing *Bledsoe v. Barnhart*, 165 F. App'x 408, 411 (6th Cir. 2006), and *Burbridge v. Comm'r of Soc. Sec.*, 572 F. App'x 412, 417 (6th Cir. 2014) (Moore, J., dissenting)).

her finding that the individual's impairment(s) does not medically equal a listed impairment." 2017 WL 3928306, at *4. Rather, "a statement that the individual's impairment(s) does not medically equal a listed impairment constitutes sufficient articulation for this finding." *Id.* Here, the ALJ's step-three discussion complied with SSR 17-2p's minimal articulation requirement. Given his finding, the ALJ was not required to obtain expert medical evidence on equivalency.

Finally, as Defendant notes, Plaintiff's hearing-level statements further support the ALJ's determination that Plaintiff's asthma was not severe enough to medically equal a listing. *See Marvin v. Comm'r of Soc. Sec.*, No. 1:17-cv-330, 2018 WL 4214339, at *3 (W.D. Mich. Aug. 10, 2018), *adopted by*, 2018 WL 4208682 (W.D. Mich. Sept. 4, 2018) (noting that the plaintiff "made no attempt to satisfy her burden of establishing that she met or equaled all the requirements of listing 1.02"). For example, during his opening statement, Plaintiff's counsel did not identify asthma as a condition that precluded Plaintiff from working. (PageID.118.) In addition, Plaintiff testified about symptoms of his impairments that would prevent him from working, but he did not mention his asthma or breathing issues. (PageID.129–30.)

Accordingly, Plaintiff's argument that the ALJ erred in making his step-three determination fails.

## Conclusion

For the reasons stated above, the Court concludes that the ALJ's decision is supported by substantial evidence and free of legal error. Accordingly, the Commissioner's decision will be **affirmed**.

An order consistent with this opinion will enter.

Dated: September 28, 2026

/s/ Sally J. Berens
SALLY J. BERENS
U.S. Magistrate Judge